

# IN THE
## TENTH COURT OF APPEALS

### No. 10-15-00092-CV

**WILLIAM WINDSOR,**

                                                                      **Appellant**

 **v.**

**JOEYISALITTLEKID, ET AL,**

                                                                      **Appellee**

### From the 378th District Court
### Ellis County, Texas
### Trial Court No. 88611

## O R D E R

Appellant, William W. Windsor, is incarcerated.[1]  This is one of four interlocutory appeals in which appellant is acting as his own counsel.[2]  We have had

---

[1] Appellant has been filing documents more quickly than we are able to respond to them.  This order is based on information and documents received through the close of business on May 18, 2015 and will not be modified based on documents received thereafter.  Subsequently received documents will be addressed, if necessary, at a later date.

[2] *See* 10-14-00355-CV, *Windsor v. Round*; 10-14-00392-CV, *Windsor v. Fleming*; 10-15-00069-CV, *Windsor v. McDougald*.

difficulty in obtaining appellant's compliance with the rules and procedures of this Court.

Appellant has never filed the documents to determine whether he is a pauper. Except for two of his most recent motions, he has paid, usually late and after notice and threat of dismissal, most of the filing fees in all four proceedings. Other than the unsupported conclusory statement in his motion to continue the stay, "I cannot afford an attorney," he had not asserted he could not hire counsel to represent him in this appeal. Then, in two different motions entitled "Second Motion for Stay," he provided some financial information in an effort to explain why he cannot afford an attorney.[3] The information provided establishes he is able to pay filing fees. Appellant has contended, however, that due to his incarceration, he does not have adequate access to information and legal resources and has previously requested a stay until he has adequate access to the information and legal resources needed to handle his appeals. We granted his request for a stay, in part, by order issued April 2, 2015. We ordered this proceeding stayed for 35 days at which time the proceeding would be automatically reinstated.

Appellant filed a motion to continue the stay and, now apparently recognizing that the partial grant of a stay has now expired, has filed a second motion for stay and an amended second motion for stay of this appeal until he is released from jail.

---

[3] We will refer to the second "Second Motion for Stay" as an amended second motion for stay.

Contrary to our explicit instructions in a letter dated March 16, 2015, appellant did not file his motion to continue the stay in each pending appeal; in fact, he did not even identify by case number or style of the proceeding, in which proceeding he wanted to file the motion. He noted only that he wanted it to be filed in all his proceedings other than his pending criminal appeal. Further, he did not pay the filing fee contemporaneously with the motion to continue the stay as required. Also contrary to our explicit instructions, appellant did not serve the motion on any other party to the proceeding; and there is no proof of service presented with the motion as appellant had been previously informed was required on every document filed with the Court.[4] We grow weary of appellant's blatant disregard of the rules and explicit notices from the Court, and we are not even close to being able to reach the merits of any of the issues in these proceedings.

Appellant's motion to continue the stay, second motion for stay, and amended second motion for stay are woefully deficient in their procedural compliance. Furthermore, we expressly explained that appellant would not be allowed to use his incarceration as a means to further delay the disposition of this proceeding—precisely the grounds for the extension of the stay which he seeks. Appellant's motions are thus also woefully deficient on their merits.

---

[4] With regard to the second motion for stay and amended second motion for stay, Windsor did file a copy in each proceeding but failed to provide proper proof of service.

Accordingly, appellant's motion to continue the stay, second motion for stay, and amended second motion for stay are denied. The stay entered in this proceeding on April 2, 2015 was automatically lifted by its express terms on May 7, 2015 and the appellate timetable for this appeal resumed as of that date.

At this time, May 18, 2015, a $10 fee for the motion to continue the stay is past due. Further, a $10 fee for the second motion for stay is past due. Failure to pay the two required motion filing fees within 21 days from the date of this Order will result in the dismissal of this appeal without further notice. TEX. R. APP. P. 42.3(c).

The docketing statement for this appeal is now past due. Failure to file the docketing statement, serve it on all parties to the appeal, and provide proof of service to this Court in a form recognized by Rule 9.5(d) and (e) of the Texas Rules of Appellate Procedure within 21 days from the date of this Order will result in the dismissal of this appeal without further notice. TEX. R. APP. P. 9.5(d), (e); 42.3(c).

The clerk's record and reporter's record in this appeal are now past due. Failure to make arrangements to obtain and pay for the reporter's record, if any, and to also notify the Court of those arrangements within 21 days from the date of this Order will result in the appeal being submitted on the clerk's record alone. *See* TEX. R. APP. P. 37.3(c)(1). Failure to make arrangements to obtain and pay for the clerk's record and to also notify the Court of those arrangements within 21 days from the date of this Order will result in the dismissal of this appeal without further notice. *Id*. at (b).

Further, it appears that appellant is subject to a prefiling order and did not present this appeal with an order from the federal district court in the district where the appeal was filed giving appellant leave to file the appeal, such order being obtained in the manner specified in *Windsor v Hatten*, No. 1:11-CV-1923-TWT, U.S. Dist. Court, Northern Dist. of Georgia (July 15, 2011).

Accordingly, this appeal will be dismissed unless, within 21 days from the date of this notice:

> 1. Appellant obtains permission to file this appeal from the appropriate federal district court and present to this Court an order from that judge granting appellant permission to file the appeal, or

> 2. Appellant sufficiently explains why a filing from appellant in this Court is exempt from the federal court injunction order noted above.

Failure to file a response as requested, serve it on all parties to the appeal, and provide proof of service to this Court in a form recognized by Rule 9.5(d) and (e) of the Texas Rules of Appellate Procedure will result in the dismissal of this appeal without further notification for failure to comply with this Order. TEX. R. APP. P. 42.3(c).

Lastly, pursuant to Rules 42.3 and 44.3 of the Texas Rules of Appellate Procedure, appellant is notified that this appeal is subject to dismissal because it appears there is no final, appealable order. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 205 (Tex. 2001). Therefore, the Court will dismiss this appeal unless, within 21 days from the date of this letter, a response is filed showing grounds for continuing the appeal.

Failure to file a response as requested, serve it on all parties to the appeal, and provide proof of service to this Court in a form recognized by Rule 9.5(d) and (e) of the Texas Rules of Appellate Procedure will result in the dismissal of this appeal without further notification for failure to comply with this Order. TEX. R. APP. P. 42.3(c).[5]

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Motion to continue the stay is denied
Second motion for stay is denied
Amended second motion for stay is denied
Order issued and filed May 28, 2015



---

[5] The parties should not assume that by allowing the further development of this appeal that the Court has determined whether this appeal should be dismissed for violation of a federal court's order that identified appellant as a vexatious litigant and enjoined appellant from filing any complaint or initiating any proceeding in any state or federal court or agency in the United States without first obtaining leave of a federal district court in the district where the new complaint or proceeding is to be filed.